THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Ronald I. Paul, Appellant,
 v.
 J. Charles
 Ormond, Jr., Individually, and as a partner of the Law Firm of Holler,
 Dennis, Corbett, Ormond, Plante & Garner, Respondents.
 
 
 

Appeal From Richland County
L. Casey Manning, Circuit Court Judge
Unpublished Opinion No. 2009-UP-229
Submitted May 1, 2009  Filed May 27, 2009   
AFFIRMED

 
 
 
 Ronald I. Paul, pro se Appellant.
 J. Charles Ormond, Jr., of Columbia, for Respondent.
 
 
 

PER CURIAM: Ronald Paul alleges the circuit court erred in
 granting summary judgment in favor of Charles Ormond, Jr. in actions for legal
 malpractice, breach of contract, misrepresentation, breach of fiduciary duty,
 and negligence, all of which relate to Ormonds representation of Paul in an
 underlying condemnation action.  We affirm pursuant to Rule 220(b), SCACR, and the following
 authorities:  
1.  As to whether summary
 judgment was proper: Rule 56(c), SCRCP
 (stating summary judgment is proper when there is no genuine issue as to any
 material fact and the moving party is entitled to judgment as a matter of law); George v. Fabri, 345 S.C. 440, 452, 548 S.E.2d 868, 874 (2001)
 (explaining the purpose of summary judgment is to expedite the disposition of
 cases not requiring the services of a fact finder).  
2.  As to whether Paul was
 required to produce an expert witness to establish duty, breach of duty, and
 proximate cause in his legal malpractice action: Doe v. Howe,
 367 S.C. 432, 446, 626 S.E.2d 25, 32 (Ct. App. 2005) (The clients burden of establishing proximate cause
 in a legal malpractice action requires that he prove that he would have
 obtained a better result in the underlying matter if the attorney had exercised
 reasonable care.); McNair v. Rainsford, 330 S.C. 332, 342, 499 S.E.2d
 488, 494 (Ct. App. 1998) (stating in a legal malpractice action, the plaintiff
 must generally establish the standard of care by expert testimony); Jernigan
 v. King, 312 S.C. 331, 334, 440 S.E.2d 379, 381 (Ct. App.1993) (On a
 defendants motion for summary judgment, there will usually be no genuine issue
 of material fact unless the plaintiff presents expert testimony on the standard of care and its breach by the defendant.). 
AFFIRMED.[1] 
HEARN,
 C.J., THOMAS and KONDUROS, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.